IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE SUZANNE METZGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-567-WHA |
| ) | [WO] |
| ) | |
| JUDGE McGUIRE, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Stephanie Suzanne Metzger ["Metzger"], an indigent inmate, currently incarcerated at the Covington County Jail. In this complaint, Metzger alleges that Judge Frank McGuire, a judge for the District Court of Covington County, Alabama, violated her constitutional rights during state criminal proceedings conducted on numerous counts of negotiating worthless instruments. Metzger seeks removal of her cases to Coffee County, assignment of a different presiding judge and immediate release from confinement. *Complaint - Doc. No. 1* at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Metzger leave to proceed *in forma pauperis* in this case. *Order of August 13, 2013 - Doc. No. 3*. An indigent prisoner allowed to proceed *in forma pauperis* will have her complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. DISCUSSION

Metzger contends that Judge McGuire violated her constitutional rights with respect to actions taken during criminal proceedings before the District Court of Covington County, Alabama, regarding convictions imposed upon her for negotiating worthless instruments. Specifically, Metzger asserts that Judge McGuire denied her counsel during the criminal proceedings; failed to award her jail credit on the Covington County sentences for time served on a sentence imposed by the Circuit Court of Houston County, Alabama; refuses to accept partial restitution payments; and improperly amended the sentencing order in her cases on November 13, 2012. *Complaint - Doc. No. 1* at 2-3; *Attachment to Complaint - Doc. No. 1-1* at 4-5.

    1. Non-Final Orders.  To the extent that Metzger seeks relief from adverse decisions or actions of the state court which are not yet final, she is entitled to no relief from this court on such claims as there is an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Metzger can appeal any non-final order issued or action taken by the state court with respect to the manner in which she is allowed to remit payment of restitution to the appropriate higher state court. Since state law provides an adequate remedy for Metzger to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.  Thus, any

claim challenging a non-final order issued or action taken by the District Court of Covington County, Alabama is subject to summary dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

    2.   <u>Final Orders</u>. With regard to the claims presented by Metzger attacking the constitutionality of orders issued or actions taken by a state court concerning payment of restitution which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Metzger from proceeding before this court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the requests for relief from final orders/actions undertaken by the state court related to matters of restitution is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

3. <u>Challenges to Criminal Convictions and Resulting Confinement</u>. Metzger presents claims which attack the fundamental legality of the Covington County convictions and her current incarceration on the sentences imposed for such convictions. These claims, however, presently provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims raised in the instant complaint implicate the constitutionality of convictions and sentences imposed upon Metzger by the District Court of Covington County, Alabama for

negotiating worthless instruments. A judgment in favor of Metzger on these claims would necessarily imply the invalidity of these convictions and sentences. It is clear from the complaint that the convictions and sentences from which Metzger's claims arise have not been invalidated in appropriate proceedings. Consequently, any collateral attack under § 1983 on the convictions and sentences imposed upon Metzger is prohibited by federal law and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenges to orders issued and/or actions taken by Judge Frank McGuire related to orders of restitution issued in criminal proceedings before the District Court of Covington County, Alabama, be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The plaintiff's challenges to the constitutionality of her Covington County convictions and current incarceration on the resulting sentences be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this cause of action.

3. This case be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

6

ORDERED that on or before November 6, 2013, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of October, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE